RECEIVED
APR 11 2012
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JANET RODGERS | CIVIL ACTION NO. 09-1487 |
| -vs- | JUDGE DRELL |
| ITT HARTFORD | MAGISTRATE JUDGE KIRK |

### JUDGMENT

For the reasons contained in the Report and Recommendation (Doc. 28) of the Magistrate Judge previously filed herein, and after independent (de novo) review of the record including the objections filed herein and those arguments presented at a hearing on November 8, 2010, and concurring with the Magistrate Judge's findings under the applicable law;

IT IS ORDERED that Plaintiff's appeal is DENIED and her suit is DISMISSED WITH PREJUDICE.

In so ruling we also have considered the content of Plaintiff's objections, specifically the level of deference to be given to the administrator's denial of benefits when a conflict of interest arises based on the Defendant's dual role as the insurer and plan administrator. We find the Magistrate Judge correctly considered this conflict as one of several factors in determining the administrator's denial of benefits to be neither arbitrary nor capricious nor an abuse of discretion. Following the Supreme Court's guidance in Metropolitan Life Ins. Co. v. Glenn, 554 U.S. 105 (2008),

the "conflict of interest . . . should prove more important (perhaps of great importance) where circumstances suggest a higher likelihood that it affected the benefits decision, including, but not limited to, cases where an insurance company administrator has a history of biased claims administration." Id. at 117. Our review of cases in the Fifth Circuit reveals no documented history of bias on the part of Hartford as claims administrator. See e.g., McDonald v. Hartford Life Group Ins. Co., 361 Fed. Appx. 599 (5th Cir. 2010).

We find no circumstances present to warrant a departure from considering the conflict of interest as one of several factors, and we agree with the Magistrate Judge that the administrator's decision is supported by substantial and concrete evidence including reviews of medical records by multiple doctors. Finally, it is well established that the administrator need not give additional weight to the opinion of a treating physician over a reviewing physician, even when the reviewing physician has not performed a physical examination of the claimant. Black & Decker Disability Plan v. Nord, 538 U.S. 822 (2003); Gothard v. Metropolitan Life Ins. Co., 491 F.3d 246, 249 (5th Cir. 2007). Still in this case even considering the opinion of the actual treating physician (not the emergency room physician), there is no further evidence of permanent disability. Her post surgical recovery was brief and her treating physician found she was capable of returning to work on or around April 27, 2009 (approximately three months after her surgery on January 27, 2009).

Accordingly, Plaintiff's complaint is DISMISSED WITH PREJUDICE.

SIGNED on this 11th day of April, 2012 at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE